HENRY, Circuit Judge,
concurring in part and dissenting in part,
I write separately because although I agree fully with, and join the majority in, the first three sections of the opinion, I disagree with the majority about the meaning of “loss” under U.S.S.G. § 2F1.1(b)(1). I would vacate the sentence and remand for re-sentencing, holding that the district court erred in finding the “loss” to be the total benefits received during the fraudulent activities.
We review the district court’s legal interpretation of the sentencing guidelines de novo. U.S. v. Cantley, 130 F.3d 1371, 1378 (10th Cir.1997). The Sentencing Guideline for “Offenses involving Fraud or Deceit” is section 2F1.1. Section 2F1.1(b)(1) instructs the court that “[i]f the loss exceeded $2,000, increase the offense level as follows.... ” The district court found the loss to be $62,-097.65 and increased the offense level accordingly. The amount of loss used by the district court is the total amount of benefits received by Mr. Henry in the periods for which an erroneous form was submitted. I believe that using this amount reflects both a legal error and a poor policy choice as to the meaning of “loss” in the sentencing guideline.
“Loss” is defined in the Guidelines as the “value of the benefits diverted from intended recipients or uses.” U.S.S.G. § 2F1.1, cmt. (n. 8(d)). The loss calculation under § 2F1.1 measures “the magnitude of the crime at the time it was committed.” United States v. Janusz, 135 F.3d 1319, 1324 (10th Cir.1998).
The magnitude of Mr. Henry’s crime is best measured by the amount of benefit he received unjustly as a result of incompletely filling out the 1032 forms. The government has a cause of action to forfeit the entire amount of benefits received in periods for which Mr. Henry supplied incorrect information, see 20 C.F.R. § 10.125, but this is different from saying that Mr. Henry’s wrongful action caused a loss of the entire amount of benefits received. For example, the government has a civil cause of action in rem against a property from which drugs were sold, see 21 U.S.C. § 881(a)(6), but the value of that property is certainly not used in determining the culpability of the dealers. In Mr. Henry’s ease, the government has a civil cause of action in rem against the entire amount of benefits received during periods covered by fraudulently completed 1032 forms. Mr. Henry’s criminal culpability is another matter altogether.
The Net Loss Rule might inform our decision in this case. “The net loss rule ... requires the court to deduct from the loss calculation any value the defendant gave the victim at the time of the fraud.” Janusz, 135 F.3d at 1324. The “value” Mr. Henry “gave” the government at the time of fraud is the amount of benefits he received to which he had a statutory right. That is, the government was obligated to supply that amount based on Mr. Henry’s disability. Accordingly, the remaining net loss is the amount of benefits Mr. Henry received above what the government would have paid him had he correctly reported his income.[1] This loss need not be calculated with precision, U.S.S.G. § 2F1.1 comment (n. 9), but it is a very different figure than the total benefits received.
In an analogous case, the Sentencing Guidelines indicate that for violations of the Davis-Bacon Act, 40 U.S.C. § 276a, criminally prosecuted under 18 U.S.C, 1001, “the loss is the difference between the legally required and the actual wages paid.” U.S.S.G. 2F1.1 comment (n. 8(e)). The Davis-Bacon Act regulates the payment of wages to subcontracted laborers in public projects, and 18 U.S.C. § 1001 is a general anti-fraud provision of which 18 U.S.C. § 1920 is a specific application. The analogous nature of these violations counsels in favor of calculating *1312 “loss” in Mr. Henry’s case as the amount he received above what he would have received but for the violation.
Further, because the purpose of using “loss” as a factor in sentencing is as a gauge of the severity of the crime, see Janusz, 135 F.3d at 1324, using the entire amount of benefits received as a measure of the loss and thus as a measure of the severity of the crime makes little sense. Mr. Henry omitted compensation of about $9000 over a three year and two month period. Over $7000 of that total was in the form of a car. Much of the $9000 was not for labor but was for materials. Thus, Mr. Henry’s unreported labor over the more than three year period amounted to significantly less than $9000. For this fraud, Mr. Henry is receiving the same sentencing factor as someone whose fraud directly cost the victims thereof $62,-097.65.
The absurdity of this calculus is best suggested by hypothetical. Consider two defendants. The first lied on her 1032 form in a manner that caused her to receive ten dollars more than she would have received but for the lie. Yet her total benefits during the period covered by that 1032 are $80,000. The second defendant lied on his 1032 form in a manner that caused him to receive $10,-000 more than he would have received but for the lie, and yet his total benefits in that period amount to $11,000. I cannot imagine a rational basis for punishing the first defendant, perpetrator of a ten dollar lie, more severely than the second, whose lie is one thousand times more costly to the government. And yet, on the definition of loss urged by the government, the first defendant would have the base level of her offense increased by three more points than the second defendant. All else being equal, this could mean a judge would be mandated to give the first defendant a longer sentence than the second, notwithstanding his belief that she is clearly the less culpable of the two.
The statute is less clear to me than it is to the majority which cites the “plain terms of the statute,” Maj. Op. at 1310 namely “the amount of the benefits improperly obtained” — as support for the district court’s interpretation of loss. See 18 U.S.C. § 1920. This language is of little help. The very question before us in interpreting “loss” is— what is the amount of benefits' improperly obtained? This language does not help distinguish between the interpretation of “loss” as the total benefits received during periods covered by inaccurate Form 1032s and that of “loss” as the benefits received that would not have been received but for the inaccuracies on Form 1032s. The majority cites United States v. Brothers, 955 F.2d 493, 495 (7th Cir.1992), for the proposition that submission of a false Form 1032 forfeits the entire disability benefit even if submission of an accurate Form 1032 would have resulted in merely a reduced benefit. But this proposition speaks only to the civil forfeiture of the property. As I suggest above, this is not relevant to the defendant’s criminal culpability.
For the reasons stated herein, I would find the district court’s legal interpretation of the meaning of “loss” to be error, vacate the sentence and remand for re-senteneing. I would require the government to prove, “not ... with precision,” U.S.S.G. § 2F1.1 comment (n. 9), but with more than we have before us, what the actual loss to the government for the relevant reporting periods was. Then I would determine the increase level accordingly. To do otherwise, as my hypothetical suggests, has costly ramifications for future cases, leading to punishments disproportionate to the crime.

. Admittedly, Mr. Henry’s moonlighting may have resulted in enough income (or evidence of ability to generate income) to greatly reduce his benefits, or maybe even depriving him entirely of benefits. However, the government has not even attempted to demonstrate that this was the case.